In Equity.

Per Curiam.

The bill states,that in 1809, Reaves, with another, gave their note to Henderson for $200. Henderson then resided in Davidson county, but soon afterwards removed out of the state considerably indebted; in consequence of which, attachments were taken out against him, and the complainants summoned as garnishees, and judgments obtained against them as such, for $76 40, which sum, together with $23, in different credits were endorsed on said note. Some time afterwards Henderson assigned the note to the defendant, Hogan, who brought suit therson. The plaintiff relying that the defendants would only take judgment at law for so much as should be really due, deducting from the amount of the note the credits endorsed thereon, did not make any defence. They charge, when the trial came on, the plaintiffs attorney, by direction of his elient, or by mistake in not observing the endorsements, read the note to the jury without taking any notice of the endorsements except the last for $23, so that the jury gave a verdict for the amount of the note, except $23. Judgment passed, and excution issued; the plaintiffs applied to Hogan, who admitted the credits were not given, and at one time promised to allow them, but afterwards refused; prayer for an injunction and general relief. An injunction was allowed.
The defendant Hogan demurrs; stating that the matter of the bill is properly cognizable at law; that no sufficient reason is shewn in the bill; why defend *514 ants did not obtain relief at law, nor is there any foundation laid therein for the equitable jurisdiction of this court. It is insisted that the court have jurisdiction; on the ground of fraud, concealment and accident; considerable range of argument has been assumed. With other topics, it has been insisted, that courts of equity had original jurisdiction of partial payments, and a trial at law does not take it away. It is certainly true as a general principle that where the subject matter was originally equitable, & that equity is not rendered available at law after due diligence, that a court of equity will entertain jurisdiction. This is on the ground that courts of law permit an examinatisn of such equitable matter. It is said that the pleading of payment at law arose from statute, and if the party fail to plead, he may have recourse to this court. The court are unable as yet to find any precedents in the books to support this ground.(1) To establish the origin of any legal or equitable jurisdiction, is always difficult, and seldom necessary, provided the exercise of such jurisdiction is sanctioned by the dictates of reason." 1 Fen. 18, in n. In the case before the court, the plaintiffs had an opportunity of defending themselves at law. If by relying on the honesty or attention of the plaintiffs there, they have been damaged, it is no reason for coming here. The remedy at law was a complete and adequate one the true ground on which this case depends;(a) the ascertainment of payments are plain matters of fact,unmixed with legal disquisition, and no way complicated in their nature. A court of law was as completely competent, and more so,to afford redress, than a court of equity. This bill does not seek an account, but that credit, may be obtained for particular payments. There are two distinct grounds on which the jurisdiction of this court rests,
First. Where the subject of complaint is of an equitable and not of a legal nature, originally and properly cognizable in a court of equity.
Secondly. Where the subject is purely legal, but in endeavoring to obtain justice in a court of law, some obstacle over which the complainant had no control intervened. In this last case, if the comp *515 lainant here, after using due diligence at law, were defeated of his remedy by fraud or other improper means, he would obtain relief here. But he cannot come here in such case, as a matter of course; he must shew some equitable ground, and make a case free from the imputation of neglect, before he can transfer a legal question to an equitable jurisdiction. 4 Hen. and Mun. 423, 470, 491. No attempt has been made to get clear of the imputation of neglect in this case, and the court cannot aid the negligence of parties. No fraud, under mean or unfair circumstances, are charged to have taken place at law; but simply a want of attention of the defendants to the complainants interest in the trial; it amounts to this, and no more. The law presumes every man will, and ought to attend to his own interest, and least of all, that his adversary, in a judicial conflict, will do it. At law he had completely the means of doing so, and has failed in giving a sufficient reason why he did not.
The bill must be dismissed with costs.

 See a Case 1 ch. Cas. 8.

 See 4 John. 510. 2 Bay. 326.